(158 App. Div. 555.)

BEST v. NEW YORK CITY WATERFRONT CO. et al.

(Supreme Court, Appellate Division, Second Department. October 24, 1913.)

INTERPLEADER (§ 18*)—FORECLOSURE OF MORTGAGE—WITHDRAWAL OF ANSWER.

Where the assignee of a mortgage started foreclosure proceedings in which the owner of the premises filed an answer denying the assignment and the default, and thereafter the assignor at his own request was made a party to the suit in order to contest the assignment, the owner should

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be permitted to withdraw its answer, pay the amount due on the mortgage into court, be discharged from all liability to either claimant, and have the mortgage discharged of record, since the action is not within the terms of Code Civ. Proc. § 820, allowing interpleader in actions of ejectment and for the recovery of chattels before answer is filed, but is governed by equitable rules.

[Ed. Note.—For other cases, see Interpleader. Cent. Dig. § 40; Dec. Dig. § 18.*]

Appeal from Special Term, Queens County.

Action by Catherine Best against the New York City Waterfront Company and others to foreclose a mortgage. From an order of the Special Term denying a motion of the New York City Waterfront Company for permission to withdraw its answer, pay the amount of the mortgage into court, and be dismissed from the action, the company appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

J. Lewis Parks, Jr., of New York City, for appellant.
Edward G. Nelson, of Brooklyn, for respondent.

CARR, J. This is an action brought to foreclose a mortgage on real estate situated in Queens county. The mortgage in question was made by one Allen to one Josiah S. Packard, for the purpose of securing the payment of the sum of $8,500, dated May 18, 1903, and payable on May 18, 1905, with interest thereon at the rate of 5 per cent. payable semiannually on the first days of November and May in each and every year. The plaintiff in her complaint claimed ownership of said bond and mortgage by virtue of an assignment thereof to her by one Ambrose Packard, as executor of the last will and testament of Josiah Packard, deceased. The property covered by the mortgage is now owned by the New York City Waterfront Company. It answered the complaint of the plaintiff by denying the assignment of said mortgage to the plaintiff, and her ownership thereof, and by likewise denying the allegations in said complaint as to a default in the compliance with the terms of said mortgage as to the payment of semiannual interest. It served an amended answer repeating the denials set forth in the original answer. In the meantime, Ambrose Packard, as executor of the last will of Josiah Packard, deceased, made an application to this court at Special Term to be brought into the action as a party defendant, and an order was entered accordingly. A supplemental summons and complaint was issued against said Packard as executor, and he answered, asking affirmative relief that the assignment of the mortgage, as set forth in the complaint, should be set aside as fraudulent, and that the plaintiff should be directed to deliver over to him the bond and mortgage in question. Thereupon the defendant the New York City Waterfront Company applied at Special Term for an order permitting it to withdraw its answers and to pay into court the amount of the bond and mortgage with the accrued interest, and to be discharged from all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liability to either claimant of the bond and mortgage and that on making said payment into court the mortgage should be marked discharged of record and the notice of lis pendens canceled. This motion was denied at Special Term, and, from an order made accordingly, the defendant the New York City Waterfront Company appeals to this court.

It appears from the motion papers that this defendant no longer disputes the validity of the bond and mortgage nor default in compliance with its terms, and that the entry of the defendant Packard into the action was not due to collusion between it and him, and that it has no further interest in the present controversy than to pay the indebtedness due on said bond and mortgage to whomever may be legally entitled to it. If the defendant's answer be withdrawn, then nothing further is to be litigated in this action except the question of the ownership of the bond and mortgage, and that question would concern only the rival claimants, both of whom are already parties to the action. Why, then, should the appellant be compelled to await the determination of that controversy against its will and to its great prejudice? The respondent defends the order of the Special Term on the ground that the application of the appellant is in its nature an application for interpleader under section 820 of the Code of Civil Procedure and cannot be granted under said section when the defendant has already answered the complaint. I think section 820 of the Code of Civil Procedure does not control under the circumstances of this case. The appellant did not seek an interpleader to bring in a new party defendant in substitution for itself. The new party had come in of his own motion by order of court, from which no appeal was taken. The action is governed by equitable rules, and it seems to me that the court should have allowed the withdrawal of the answer and the deposit of the money in court under proper conditions, in pursuance of its general equity powers, unless such permission would unnecessarily prejudice the plaintiff. The fact that the appellant has answered, denying the plaintiff's title to the bond and mortgage, is explained on the ground that it had received notice before answering of a hostile claim by the defendant Packard. Doubtless it should have then sought interpleader before answering. But, strictly speaking, it is not seeking interpleader now. No precedents as to similar facts are cited to us. We think the court had power to grant the appellant's motion and should have done so in the exercise of discretion.

Order reversed, with $10 costs and disbursements, and motion granted on condition that the appellant pay into the court, to await the determination of this action, the amount due on the bond and mortgage, together with interest accrued to the date of said deposit, and at the same time pay to the plaintiff her taxable costs and disbursements. All concur.